IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. RODRIGUEZ,<br><br>                Petitioner,<br><br>        vs.<br><br>M. S. EVANS, Warden, Salinas Valley<br>State Prison,<br><br>                Respondent. | No. 2:08-cv-00670-TMB<br><br>MEMORANDUM DECISION |

Petitioner David A. Rodriguez, a state prisoner proceeding *pro se*, has filed a petition for relief under 28 U.S.C. § 2254. Rodriguez is currently in the Custody of the California Department of Corrections and Rehabilitation (CDCR) incarcerated in the Salinas Valley State Prison, Solano. Respondent has answered the petition. Rodriguez has not filed a traverse.

I. BACKGROUND/PRIOR PROCEEDINGS

Rodriguez was convicted by a San Joaquin County Superior Court jury in November 2003 of attempted premeditated murder (Cal. Penal Code, §§ 664 and 187(a) – count one); mayhem (Cal. Penal Code § 203 – count two); and being a felon in possession of a firearm (Cal. Pen. Code § 12021(a) – count three). The jury found true enhancing allegations that Petitioner used and discharged a firearm, and caused great bodily injury (Cal. Penal Code §§ 12022.53(d), 12022.5(a), 12022.7(a)). After a separate court trial, the court found that Petitioner suffered two prior convictions for serious or violent felonies (Cal. Penal Code §§ 667(d) and 1170.12 (b)) and served a prior prison term. Rodriguez was sentenced to an aggregate term of 95 years-to-life. The court imposed a term of 45 years-to-life for count one, which consisted of tripling the fifteen-to-life term for the attempted murder as a result of the prior strikes. Rodriguez received an additional 25 years-to-life for personally using a gun to inflict great bodily injury. The trial

court stayed the punishment for count two (Cal. Penal Code § 654).  Further, the trial court imposed an additional term of 25 years-to-life for count three.

Rodriguez timely appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed his conviction in an unpublished written decision and the California Supreme Court summarily denied review without opinion or citation to authority on March 22, 2006.  Rodriguez filed an application for a writ of habeas corpus in the San Joaquin Superior Court on May 22, 2007, which was denied in a reasoned written decision.  Rodriguez filed successive petitions for habeas relief in the California Court of Appeals, Third Appellate District, and the California Supreme Court, which petitions were summarily denied without opinion or citation to authority on July 26, 2007, and February 13, 2008, respectively.

Rodriguez timely filed his petition for relief in the United States District Court, Northern District of California, on March 21, 2008.  The proceeding was transferred to this Court on March 28, 2008.

## II.  ISSUES RAISED/DEFENSES

In his petition Rodriguez raises four grounds:  (1) he was sentenced in excess of the statutory maximum for court three and his sentence on court one was enhanced in violation of the Sixth Amendment; (2) prosecutorial misconduct (misstatements in closing argument); (3) prosecutorial misconduct (presenting falsified evidence); and (4) ineffective assistance of trial counsel.

Respondent contends that Rodriguez's prosecutorial claims (second and third grounds) are procedurally defaulted.  Respondent raises no other affirmative defenses.[1]

## III.  STANDARD OF REVIEW

Because Rodriguez filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the

---

[1] Rules — Section 2254 Cases, Rule 5(b).

state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[4] When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[5] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[6] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[7]

In applying this standard, this Court reviews the last reasoned decision by the state court.[8] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[9]

---

[2] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[3] *Williams*, 529 U.S. at 412.

[4] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[5] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[6] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S. Ct. 1933, 1939 (2007).

[7] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[8] *Ylst v. Nunnemaker*, 501 U.S. 797, 504 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[9] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

Ground 1: *Apprendi* Violation.[10]

In his petition to this Court Rodriguez argues that he was sentenced to more than the one year maximum on count three. Rodriguez further contends that, not withstanding that the maximum term is 15 years to life, he was sentenced to a term of 25 years to life on count one.[11] Rodriguez argues that he was sentenced on facts found by the court, not the jury, in violation of his Sixth Amendment rights. Both sentences were enhanced under California's three strikes law.

Rodriguez presented his claims to the California Courts in his petitions for a writ of habeas corpus. In denying his petition, the San Joaquin Superior held:

> Petitioner contends that this sentence is illegal because he was sentenced by a judge and not by the jury who found him guilty, and because it exceeds the statutory maximum with regards to PC 664/187(a) and PC 12021. Petitioner cites *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, *Blakely v. Washington* (2004) 542 U.S. 269, 304-305, 124 S.Ct. 2531, 159 L.Ed.2d 403, *United States v. Booker* (2005) 542 U.S. 220, 243-44, 125 S.Ct. 738, 160 L.Ed.2d 621, and *Cunningham v. California* (2007) __ U.S. __, 127 S.Ct. 856, 166 L.Ed.2d 856. Petitioner misreads this line of cases and is not entitled to be sentenced by a jury. According to *Cunningham*, sentencing remains within the power of the court, but the court may not "impose a sentence above the statutory maximum based upon the a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (*Cunningham, supra*., __ U.S. ___[, 127 S.Ct.] 856, 860.) Here, Petitioner was sentenced pursuant to California's three strikes law based upon his prior qualifying convictions under Penal Code 1170.12(b)/667(d).

*Apprendi* held that: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[12] California's three strikes law clearly falls within the *Apprendi* prior conviction exception.

---

[10] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[11] The court actually imposed a term of *45 years to life* for count one, which consisted of tripling the 15-to-life term for the attempted murder as a result of the two prior strikes, not 25 years to life.

[12] 530 U.S. at 490 (emphasis added); *see also Almendarez-Torres v. United States*, 523 U.S. 224, 243–247 (1998) (recidivism is a sentencing factor, not an element of the crime that must be submitted to the jury).

Rodriguez has not raised an Eighth Amendment cruel and unusual punishment claim. In any event, the sentence Rodriguez received is not grossly disproportionate to the crimes he committed.[13]

Based upon its review of the record before it, this Court cannot say that the decision of the San Joaquin Superior Court denying Rodriguez's application for a writ of habeas corpus was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[14] Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams–Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.

Rodriguez is not entitled to relief under his first ground.

Ground 2: Prosecutorial Misconduct.

Ground 3: Prosecutorial Misconduct.

Rodriguez complains that the prosecutor was guilty of prosecutorial misconduct in two instances. First, in that he made up his own definition of what "on and cracking" meant without any evidence in the form of testimony as to what that term meant. Second, that the prosecutor knowingly presented false testimony when he did not correct trial testimony of a witness that differed from testimony given at a preliminary hearing.

Rodriguez also presented these claims in his habeas petitions in the state courts. In denying his claim the San Joaquin Superior Court held:

> Petitioner alleges prosecutorial misconduct at trial based on the District
> Attorney's remarks in closing argument and on the District Attorney's failure to
> correct the testimony of a witness that conflicted with the same witness' testimony
> at the preliminary hearing. Prosecutorial misconduct that is discernable from the

---

[13] *Lockyer v. Andrade*, 538 U.S. at 74–75 (upholding California's three-strikes law); *see Solem v. Helm,* 463 U.S. 277, 289-90 (1983); *Rummel v. Estelle*, 445 U.S. 263, 275–76 (1980); *Ewing v. California*, 538 U.S. 11 (2003).

[14] 28 U.S.C. § 2254(d).

trial record is not cognizable on habeas corpus because the contention could have been dealt with in a timely appeal from the judgment of conviction. (*In re Dixon* (1953) 41 Cal.2d 756, 762.) Petitioner offers no explanation as to why these claims, which were known or should have been known at the time of direct appeal, were not raised at the time of direct appeal in this case.

Respondent contends that Rodriguez's second and third grounds are procedurally barred. The Court agrees. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[15] This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims · · ."[16] "Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner."[17] In this case, because Rodriguez has failed to file a traverse, he has failed to place the defense of a procedural bar in issue.

As they are procedurally barred, Rodriguez is not entitled to relief under his second and third grounds.

Ground 4: Ineffective Assistance of Trial Counsel.

Rodriguez alleges that his trial counsel was ineffective for failing to confront a witness on alleged differences between his testimony at the preliminary hearing (he could not describe the gun) and testimony at trial (described the color, shape of the barrel, and that it was revolver). The San Joaquin Superior Court, in rejecting Rodriguez's position, held:

> Petitioner alleges ineffective assistance of counsel based upon his trial counsel failing to confront the testifying victim at trial with inconsistencies in his testimony. Petitioner has not gone beyond unsupported conclusory statements to show that counsel's actions were objectively unreasonable, or that there was a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.)

---

[15] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[16] *Sawyer v. Whitley,* 505 U.S. 333, 338, (1992).

[17] *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).

Under *Strickland v. Washington,* to demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[18]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[19]  Rodriguez must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[20] *Strickland* and its progeny do not mandate this court act as a "Monday morning quarterback" in reviewing tactical decisions.  Indeed, the Supreme Court admonished in *Strickland*:[21]

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.

The Court cannot say that the decision of the San Joaquin Superior Court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[22]  Nor can this Court find

---

[18] 466 U.S. 668, 687 (1984).

[19] *Id.*

[20] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[21] 466 U.S. at 689 (internal citations and quotation marks omitted)

[22] 28 U.S.C. § 2254(d).

that the San Joaquin Superior Court unreasonably applied the correct legal principle to the facts of Rodriguez's case as required by *Lockyer–Williams*; i.e., the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. In particular, Rodriguez has failed to overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance.

Rodriguez is not entitled to relief on his third ground.

## V. CONCLUSION and ORDER

Rodriguez is not entitled to relief under any grounds raised in the petition. Accordingly,

**IT IS THEREFORE ORDERED THAT** the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[23] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter judgment accordingly.

Dated: March 4, 2009.

/s/ Timothy M. Burgess

TIMOTHY M. BURGESS
United States District Judge

---

[23] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).